UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-cv-40-RLV
(5:04-cr-14-RLV-DSC-1)

JAMES ARNOLD GUNNINGS, JR., )
               Petitioner, )
 )
vs. ) **ORDER**
 )
UNITED STATES OF AMERICA, )
 )
               Respondent. )
 )
_____ )

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 or, Alternatively, for Relief under 28 U.S.C. § 2241, Writ of Coram Nobis, Writ of Audita Querela (Doc. No. 1), and on Respondent's Response in Support re Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 6). Petitioner is represented by Lawrence W. Hewitt.

On May 17, 2006, Petitioner James Arnold Gunnings, Jr., was convicted after pleading guilty to being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). Petitioner was sentenced to 46 months imprisonment, with three years of supervised release.[1] The most serious

---

[1] On or about January 14, 2008, Petitioner entered a plea of guilty to two charges in state court. First, Petitioner pled guilty to conspiracy to commit armed robbery for which he received a 58 to 79 month sentence. See (5:04cr14, Doc. No. 76). Second, Petitioner pleaded guilty to conspiracy for possession of a firearm by a felon for which he received a 14 to 17 month sentence, to run consecutively. Petitioner then began to serve his state sentence. On or around February 8, 2010, this Court recommended that the Bureau of Prisons designate the state facility in which Petitioner was serving his sentence as the place of serving his federal sentence. On August 17, 2010, the Bureau of Prisons determined that a nunc pro tunc designation was not

-1-

underlying felony for which Petitioner was convicted carried with it a maximum of nine months' imprisonment. Respondent concedes that under the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), the conviction was not for an offense punishable by more than one year in prison; therefore, Petitioner lacks a qualifying, predicate conviction for purposes of being convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). Respondent, therefore, seeks to waive the applicable one-year limitations period and requests that this Court vacate its May 17, 2006, judgment of conviction against Petitioner. A Section 2255 claim not brought within one year of the date on which a conviction has become final under Section 2255(f) is procedurally barred. A procedural bar, however, may be excused where the petitioner demonstrates "cause and prejudice," or "actual innocence." Bousley v. United States, 523 U.S. 614, 622 (1998). Here, the government concedes that Petitioner is actually innocent of the felon-in-possession conviction, and the government has expressly waived the one-year limitation period. The Supreme Court held in Day v. McDonough, 547 U.S. 198, 205, 209, 211 n.11 (2006), that where the government intelligently chooses to waive a statute of limitations defense, a district court is not at liberty to disregard that choice. Although Day involved a state habeas petition, this Court finds that where the government intelligently waives the one-year limitations period in the context of a motion under Section 2255, the logic of Day would direct that this Court is not at liberty to disregard that waiver.

---

appropriate, and this Court subsequently upheld that finding. See (Doc. No. 5:04-cr-14, Doc. No. 67). Petitioner completed his state sentence in February 2012, at which time he was taken into federal custody on the instant § 922(g)(1) offense.

In sum, because Respondent has expressly waived the one-year limitations period,[2] has conceded that Petitioner is actually innocent of the felon-in-possession conviction under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), and has requested that this Court vacate Petitioner's conviction, and because the Court agrees that Petitioner is actually innocent under Simmons,[3]

**IT IS, HEREBY, ORDERED, ADJUDGED, AND DECREED** that

(1) Petitioner's Motion to Vacate is **GRANTED** and petitioner's conviction is hereby **VACATED**;

(2) Inasmuch as Petitioner's conviction has been vacated, his sentence is also **VACATED**. It is, therefore, **ORDERED** that Petitioner is released from the custody of the United States Bureau of Prisons and/or the custody of the U.S. Marshals Service and/or any conditions of supervised release/bond imposed in this matter;

(3) To allow the Bureau of Prisons/United States Marshal/Pretrial Service adequate time, such are allowed up to ten days to comply with this order.

(4) The Clerk of Court will certify copies of this Order to the U.S. Bureau of Prisons, U.S. Marshals Service, and the U.S. Probation and Pretrial Services Office.

---

[2] The conclusion here does not run afoul of the Fourth Circuit's recent decision in Powell v. United States, 691 F.3d 554 (4th Cir. 2012), because in Powell the government did not waive the one-year limitations period, nor did it seek to have the Court vacate Powell's convictions.

[3] The Court notes that the Fourth Circuit Court of Appeals recently held that Simmons is retroactive to cases on collateral review. See Miller v. United States, No. 13-6254, 2013 WL 4441547 (4th Cir. Aug. 21, 2013).

Signed: October 4, 2013

Richard L. Voorhees
United States District Judge